UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARY JONES,

       Plaintiff,

v.

                 3:15-CV-0429
                 (GTS/WBC)

CAROLYN W. COLVIN,
Commissioner of Social Security

       Defendant.
_____

APPEARANCES:              OF COUNSEL:

LACHMAN & GORTON          PETER A. GORTON, ESQ.
 Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, New York 13761

SOCIAL SECURITY ADMINISTRATION   BENIL ABRAHAM, ESQ.
OFFICE OF REG'L GEN. COUNSEL     Special Assistant U.S. Attorney
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

   Currently before the Court, in this action by Mary Jones ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") for Social Security benefits pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g), are (1) the Report-Recommendation of United States Magistrate Judge William B. Carter, issued pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d) of the Local Rules of Practice for this Court, recommending that the Commissioner's decision be affirmed and Plaintiff's Complaint be dismissed; and (2) Plaintiff's

Objection to the Report-Recommendation. (Dkt. Nos. 13, 14.) For the reasons set forth below, Magistrate Judge Carter's Report-Recommendation is accepted and adopted in its entirety; the Commissioner's decision is affirmed; and Plaintiff's Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Relevant Procedural History

On September 16, 2011, Plaintiff filed a Title II application for a period of disability and disability benefits under the Social Security Act. (Administrative Transcript ["T."] at 147.)[1] Plaintiff alleges a disability onset date of August 16, 2008, which left her unable to work. (*Id.*)[2] Plaintiff's application was initially denied by the Social Security Administration and Plaintiff timely appealed the decision. (T. at 14.) On April 11, 2013, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration. (T. at 33-59.)

On May 3, 2013, the ALJ issued a decision finding as follows: (1) Plaintiff did not have an impairment that meets or medically equals one of the listed impairments under 20 C.F.R. Part 404, Subpart P. Appendix 1; (2) Plaintiff has the physical and mental residual functioning capacity ("RFC") to perform light duty work; and (3) Plaintiff is not entitled to disability benefits. (T. at 11-32.) Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals Council; and on February 24, 2015, the Appeals Council denied

---

[1] Plaintiff allegedly suffers from a right arm injury, right knee injury, left hip injury, left kidney issue, "tumor in abdomen," and depression. (T. at 150.)

[2] "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

Plaintiff's request for further review, rendering the ALJ's decision final. (T. at 1-6.) On April 10, 2015, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

Generally, in her brief in support of her Complaint, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence for the following five reasons: (1) the ALJ's mental RFC determination is not supported by substantial evidence; (2) the ALJ's physical RFC determination is not supported by substantial evidence; (3) the ALJ erred by giving "great weight" to, and basing the RFC determination on, the opinion of non-examining state agency medical examiner Dr. Howard Bronstein, M.D.; (4) the ALJ erred by giving "reduced weight" to the opinion of treating physician Dr. Thomas Martin, D.O.; and (5) the ALJ erred by giving "very little weight" to the opinion of Dr. Lawrence Weisner, D.O. (Dkt. No. 10, at Point 1.)

Generally, in her response to Plaintiff's brief, Defendant argues that the Commissioner's decision is supported by substantial evidence, because the ALJ properly evaluated the medical opinion evidence in determining Plaintiff's RFC. (Dkt. No. 11.)

**B.    Summary of Magistrate Judge Carter's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Carter recommends that Plaintiff's Complaint be dismissed for the following reasons: (1) the ALJ properly weighed the opinions of Plaintiff's treating physician Dr. Mafuzar Rahman, M.D., and state agency medical examiners Drs. Sara Long, Ph.D., and T. Harding, Ph.D., in determining Plaintiff's mental RFC; and (2) the ALJ properly weighed the medical evidence and resolved conflicts within the record to determine Plaintiff's physical RFC, properly lending "great weight" and "significant weight" to the opinions of state agency medical examiners Drs. Bronstein and Mathew George, M.D.

(because those opinions were, *inter alia*, consistent with the entire medical record). (Dkt. No. 13, at Part IV.)

C.  **Summary of Plaintiff's Objections to the Report-Recommendation**

Generally, in her Objections, Plaintiff asserts the following arguments: (1) Magistrate Judge Carter failed to find that the ALJ erred with respect to his physical RFC determination and specifically with respect to the weight given to the opinion of the Commissioner's consultative examiner, Dr. Bronstein, which was based on incorrect information (in that it was rendered without records of Plaintiff's knee injury, without an awareness of Plaintiff's surgery for lateral epicondylitis in 2010, without an explanation of the basis for his opinions, and in contradiction of the other opinions of record); and (2) Magistrate Judge Carter did not properly assess the ALJ's mental RFC determination, which was incorrect in that it improperly considered Plaintiff's "ability to go to a doctor's office for 5 minutes" in assessing her limitations in interacting with others. (Dkt. No. 14, at Points I and II.)

II.  **APPLICABLE LEGAL STANDARDS**

A.  **Standard of Review of Magistrate Judge Carter's Report-Recommendation**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[3]

---

[3] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The

When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation

---

only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[4]  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[6]

---

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.     **Standard Governing Judicial Review of Defendant's Decision**

In Part III.A. of his Report-Recommendation, Magistrate Judge Carter correctly recited the legal standard governing judicial review of Defendant's decision. (Dkt. No. 13, at Part III.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

**III.    ANALYSIS**

After carefully reviewing all of the papers in this action, including Magistrate Judge Carter's Report-Recommendation, the Court concludes that Magistrate Judge Carter's thorough Report-Recommendation is correct in all respects. (Dkt. No. 13.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. To those reasons, the Court would add only two points.

First, Plaintiff's arguments for rejecting the Report-Recommendation (described above in Part I.C. of this Decision and Order) consist simply of a reiteration of arguments asserted in the brief she submitted to Magistrate Judge Carter. (*Compare* Dkt. No. 14, at Points I and II [Objection] *with* Dkt. No. 10, at Point 1 [Plaintiff's Brief].) For example, Plaintiff's first argument (regarding the ALJ's physical RFC determination) asserts errors in Dr. Bronstein's

---

report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

opinion (i.e., that it was rendered without records of Plaintiff's knee injury, without an awareness of Plaintiff's surgery for lateral epicondylitis in 2010, without an explanation of the basis for his opinions, and in contradiction of the other opinions of record) that were asserted in Plaintiff's underlying brief. (*Compare* Dkt. No. 14, at Point I [Objection] *with* Dkt. No. 10, at 21-24 [attaching pages "19" through "22" of Plaintiff's Brief].) Similarly, Plaintiff's second argument (regarding the ALJ's mental RFC determination) expressly attempts to incorporate by reference the arguments asserted on pages 9 and 10 of her underlying brief. (Dkt. No. 14, at Point II [Objection].) Although it characterizes her "doctor's office" argument as being "[i]n addition" to those arguments, that argument is actually one of those arguments. (*Compare id.* [challenging the ALJ's reliance on record evidence that Plaintiff "interacts appropriately with medical personnel during examinations"] *with* Dkt. No. 10, at 13 [attaching page "11" of Plaintiff's Brief, in which she challenges the ALJ's reliance on record evidence that Plaintiff "interacts appropriately with medical personnel during examinations"].) As a result, the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review, which they easily survive. *See, supra,* Part II.A. of this Decision and Order.

Second, even if the Court were to subject the "challenged" portions of the Report-Recommendation to a *de novo* review (which it declines to do),[7] it would find that those portions survive such a review: Magistrate Judge Carter committed no error with regard to either the ALJ's physical RFC determination or his mental RFC determination. The Court would add only that the ALJ's mental RFC determination was supported by substantial evidence other than

---

[7] The Court finds that conducting a *de novo* review of rehashed arguments would be an inefficient use of judicial resources and would frustrate of the purposes of the Federal Magistrates Act of 1968, 28 U.S.C. § 631 *et seq*.

merely a finding (based on a review of 76 pages of medical records) that Plaintiff "interacts appropriately with medical personnel during examinations." (Dkt. No. 8, Attach. 2, at 20.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report-Recommendation (Dkt. No. 13) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>**.

Dated: September 19, 2016
       Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge